UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. | |
| v. | : | | |
| GERRY D. MATHEWS, | : | VIOLATIONS: | 18 U.S.C. § 2314 |
| | : | | (Interstate Transportation |
| Defendant. | : | | of Money Taken By Fraud); |
| | : | | 18 U.S.C. §2 (Causing An |
| | : | | Act to be Done). |

**I N F O R M A T I O N**

The United States informs the Court**:**

**COUNT ONE**

Introduction

1. Fried, Frank, Harris, Shriver & Jacobson ("FFHSJ" or "law firm") was a partnership of lawyers, including professional corporations, with a Washington, D.C. office located at 1001 Pennsylvania Avenue, N.W.

2. The defendant GERRY D. MATHEWS began working in the Washington, D.C. office of FFHSJ in 1986. From 1990 to 2005, defendant MATHEWS had the responsibility of managing certain partners' professional corporations, and as such, defendant MATHEWS had access to the checks and bank accounts belonging to the partners' professional corporations.

The Scheme

3. Beginning in 1993 and continuing until May 2005, the defendant GERRY D. MATHEWS embezzled a total of approximately $350,500 from certain FFHSJ partners and their professional corporations in a variety of ways, including the following:

I.   <u>Paid Her Own Credit Card Debts in the Approximate Amount of $173,300</u>

4. From 1999 through 2005, the defendant GERRY D. MATHEWS paid her own American Express and First USA VISA credit card debts with money from partners' professional corporation bank accounts without the permission of the partners. The defendant MATHEWS wrote out checks to American Express or First USA on the partners' professional corporation bank accounts and asked the partners to sign the checks. MATHEWS then sent these checks to the credit card companies as payments on her own accounts, rather than paying the partners' credit card bills.

5. At times, the defendant GERRY D. MATHEWS concealed her offense by drafting the checks in a smaller amount, such as $36 or $54, and then, after the partner(s) signed the checks, altering the checks to read $3,600 and $5,400.

II.  <u>Wrote $98,000 Worth of Checks for Herself from the Professional Corporations' Accounts</u>

6. In 1993, and from 1995 through 2002, the defendant GERRY D. MATHEWS embezzled money by writing checks payable to the partners on bank accounts belonging to the partners' professional corporations. MATHEWS then endorsed her own name on the reverse of these checks and under a forged endorsement of the partner; later, without the permission of the partners, MATHEWS either cashed the checks or deposited the checks into her own bank accounts.

III. <u>Diverted FFHSJ Checks in the Approximate Amount of $50,730</u>

7. From 1994 through 1997, the defendant GERRY D. MATHEWS diverted checks made payable to partners from FFHSJ bank accounts. The defendant MATHEWS wrote her own name as a secondary endorsement on the FFHSJ checks. MATHEWS then either cashed the checks or deposited the checks into her own account, without the permission of the partners.

IV.     Diverted a $28,511 Check from a Third Party

8.  In or about October 2004, in the District of Columbia, a law firm partner gave the defendant GERRY D. MATHEWS a $28,511 check made payable to the partner's professional corporation with the instructions for the defendant MATHEWS to deposit the check into his professional corporation's account.  Contrary to the partner's wishes, and without his authority, the defendant MATHEWS took the check to the State of Maryland and on or about November 29, 2004, the defendant MATHEWS deposited the check into a bank account held jointly with her husband.

Interstate Transportation in Executing the Scheme

7.  From in or about 1993 to in or about 2005, in the District of Columbia, the defendant GERRY D. MATHEWS did unlawfully devise and intend to devise a scheme to defraud, and in execution of the scheme, in or about October and November 2004, did transport and caused to be transported in interstate commerce from the District of Columbia to the State of Maryland, securities taken by fraud, that is, a check made payable to a FFHSJ partner, in the value of in excess of $5,000, knowing the same to have been taken by fraud, and, without the permission of the partner, and

deposited and caused to be deposited the check into a bank account belonging to herself and her husband, in violation of Title18, United States Code, Sections 2314 and 2.

**(Interstate Transportation of Money Taken by Fraud, and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 2314 and 2).**

KENNETH L. WAINSTEIN

United States Attorney
for the District of Columbia


By: _____
VIRGINIA CHEATHAM
Assistant United States Attorney
D.C. Bar # 411980
Fraud and Public Corruption Section
555 4th Street, N.W.
Washington, D.C.  20530
(202) 514-9732