

U.S. Department of Justice

United States Attorney

*District of Columbia*

---

*Judiciary Center*

*555 Fourth St. N.W.*
*Washington, D.C. 20001*

December 14, 2005

Richard M. McGill, Esq.
5303 West Court Drive
P.O. Box 358
Upper Marlboro, Maryland 20773

# FILED

JAN 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re:    Gerry D. Mathews

CR 05-452 (PLF)

Dear Mr. McGill:

This letter sets forth the full and complete plea offer to your client, Gerry D. Mathews. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on December 14, 2005. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1.    **Charges:** Ms. Mathews agrees to waive indictment and plead guilty to a one count information charging a violation of 18 U.S.C. §2314 (interstate transportation of money taken by fraud). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Mathews and will be entered in accordance with Federal Rule of Criminal Procedure 11. Ms. Mathews agrees that the attached "Statement of the Offense" fairly and accurately describes Ms. Mathews's actions and involvement in the conspiracy. It is anticipated that during the Rule 11 plea hearing, Ms. Mathews will adopt and sign the Statement of the Offense as a written proffer of evidence.

2.    **Potential penalties, assessments, and restitution:** Ms. Mathews understands that the maximum sentence that can be imposed is ten years of imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, and a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Ms. Mathews understands that the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in 18 U.S.C. 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2004) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Ms. Mathews understands that this sentence, including the applicable

sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose. Ms. Mathews further understands that if the Court imposes a sentence which is in any way unsatisfactory to her, she cannot move to withdraw her guilty plea.

3. **Federal Sentencing Guidelines:** The parties agree that agree that based on the facts currently known to the government, the following is a correct calculation of all relevant Sentencing Guideline factors:

§ 2B1.1

|  | |
|---|---|
| (a)  Base Offense Level | 6 |
| (b)  Specific Offense Characteristics | |
| Loss of more than $200,000 | 12 |
| but less than $400,000 | |

§ 3E1.1

|  | |
|---|---|
| Acceptance of Responsibility (subject to ¶ 6) | (-3) |

| | |
|---|---|
| TOTAL | 15 |

Your client and this Office agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for defendant Mathews in this case. In the event that this plea offer is either not accepted by Ms. Mathews or is accepted by Ms. Mathews but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Financial Arrangements:** Ms. Mathews agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount as $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013; she also agrees to pay restitution. Ms. Mathews also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Administrative Forfeiture:** Ms. Mathews agrees, pursuant to 18 U.S.C. §981(a)(1)(C), to waive her interest in and not to contest the administrative forfeiture of her interest in the $28,511 seized pursuant to a seizure warrant (Case No. 05-0546M-01) on November 1, 2005, and the $8,086.71 seized pursuant to a seizure warrant (Case No. 05-0552M-01) on November 1, 2005. Ms. Mathews agrees that the above-described funds were property constituting, or derived from, proceeds traceable to a violation of bank fraud, in violation of 18 U.S.C. § 1344. Additionally, Ms. Mathews acknowledges and agrees that the government

2

reserves its right to bring a civil action, if necessary, in any jurisdiction for the forfeiture of any of her assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

6._____ **Government Concessions:** In exchange for her guilty plea, the government agrees not to oppose a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, provided that Ms. Mathews continues to show her acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Ms. Mathews in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Ms. Mathews does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Mathews.

7.     **Reservation of Allocution:** The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Ms. Mathews's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

8.     **Breach of Agreement:** Ms. Mathews agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. Moreover, if during an investigation or prosecution Ms. Mathews should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute her for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Mathews's release (for example, should Ms. Mathews commit any conduct after the date of this agreement that would form the basis for an increase in Ms. Mathews's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to

3

appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Mathews will not have the right to move to withdraw the guilty plea; (c) Ms. Mathews shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Ms. Mathews, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

In the event of a dispute as to whether Ms. Mathews has breached this agreement, and if Ms. Mathews so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

9.    **USAO-DC's Criminal Division Bound**:  Ms. Mathews understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Mathews.

10.    **Complete Agreement**:  No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Mathews, Ms. Mathews's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Mathews may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Mathews and her counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By:

VIRGINIA CHEATHAM
Assistant United States Attorney

4

I have read this plea agreement, consisting of five pages, and have discussed it with my attorney. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.


Date: Dec 14, 2005                          Gerry D. Mathews
                                            Defendant


I have read each of the five pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.


Date: 12/14/05                              Richard M. McGill, Esq.
                                            Attorney for the Defendant

5