IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| Plaintiff, | * |
| v. | * DOCKET NO. CR-05-452-01 PLF |
| GERRY D. MATHEWS | * |
| Defendant. | * |

FILED
JUN 0 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

#### INTRODUCTION

The Defendant, Gerry D. Mathews, was charged in a one (1) Count Information with Interstate Transportation of Money Taken By Fraud, a violation of 18 U.S.C., Section 2314. On or about the 9th day of November 2005, the Defendant entered into a plea agreement with the United States Attorney's Office for the District of Columbia. On January 30, 2006, the Defendant entered her plea of guilty before the Honorable Paul L. Friedman, United States District Judge, who released Defendant on personal recognizance with Pretrial Services supervision. It is noteworthy that Defendant has strictly adhered to every condition and requirement of the plea agreement. Sentencing has been set for June 16, 2006 at 9:00 AM. It has been determined that the total Offense Level is 15, with a Criminal History Category of I, and therefore the guideline range for imprisonment is 18 to 24 months.

Literature regarding sentence advocacy suggests it is important to minimize punitive and non-productive aspects of criminal sanctions upon an accused and to maximize constructive use of available resources for that defendant. Moreover, the

sentence of an individual should be sufficiently comprehensive such that positive changes to the defendant will lead him or her away from crime. Consequently, the cumulative impact of fair sentencing is improved public safety, particularly as the individual defendant returns to the community.

A very comprehensive and exhaustive Pre-Sentence Investigation was prepared by Elizabeth Suarez, United States Probation Office, which thoroughly captured the essence of the crime and the relevant background of the Defendant, Gerry Mathews. Although the report was prepared on May 9, 2006, counsel for Defendant did not receive a copy until May 19, 2006. The Defendant and counsel acknowledged receipt of the Pre-Sentence Investigative Report and found no material/factual inaccuracies therein. However, counsel notes for the record that the victim impact statement by the law firm of Fried, Harris, Shriver and Jacobson, L.L.P., apparently is still in the process of being prepared as said statement has not been received by counsel.

## MITIGATING FACTORS

Counsel for Defendant has reviewed 18 U.S.C., Section 3553(a) and after extensive conversations with the Defendant and her husband, offers the following as mitigating factors allowing for a downward departure from the advisory guideline range set forth above.

a. <u>Family Responsibilities</u>. Defendant Gerry Mathews is a 43 year-old mother of two (2) young children and the wife of a chronically ill husband. Due to the illness of her husband at various times during their 16 year marriage, Defendant has been

the primary caretaker of her two (2) daughters, ages 11 and 7. The difficulty of the situation is compounded by the fact that her husband suffers sporadic episodes of the disease diagnosed as Myasthenia Gravis (MG). Over the past decade, flare-ups have occurred, rendering Paul Mathews unable to work, care for himself or care for his family for substantial periods of time. Quite naturally, during these periods of illness, the Defendant has been required to commute to her job in the District of Columbia, a commitment of eight (8) to ten (10) hours per day, and then to care for her daughters and her husband upon her return home. A significant period of incarceration would possibly put her husband at risk, subjecting him to additional stress which could exacerbate his disease.

  b. <u>Defendant's Mental Health</u>.  According to the report of Dr. Wendy Spencer, a Psychiatrist in Laurel, Maryland, Defendant has suffered from severe depression for a number of years. Although Dr. Spencer has treated Defendant only since June of 2005, her report indicates that the depression and other symptoms of severe anxiety, insomnia, decreased short-term memory, etc., have existed for a significant period of time. Treatment for the depression and other symptoms, through medication and therapy, have improved the mental and emotional health of the Defendant. However, Dr. Spencer has proffered the need for continuing therapy in order to achieve mental and emotional stability for the Defendant. The lack of opportunity for continued therapy presents a problematic future for the Defendant, not only during a period of incarceration, but for a period of time thereafter.

c.  <u>Financial Responsibilities</u>.  Defendant was of course terminated from her $64,000.00 per year job with the victim law firm.  As a result of the potential restitution established in this case, Defendant has agreed to sign over to the victim the entirety of her 401(k) Plan which had a last known market value of $86,891.00.  Furthermore, she will assign her accumulated pension monies of $39,478.00 to the victim as well as her accumulated vacation time totaling $21,181.00.  As indicated in the Pre-Sentence Investigation, she did not contest the administrative forfeiture of her interest in a bank account in the amount of $28,511.00 and an additional $8,086.71 seized pursuant to a Seizure Warrant in November 2005. Moreover, a period of incarceration will deny the opportunity to continue working for her husband's heating and air conditioning company, thus she and her family will forego an additional $1,440.00 per month she currently earns.  The totality of the financial impact to the Defendant and her family is quite obvious.  Not only will she be denied current earnings, but an entire lifetime of work accumulating certain retirement and other benefits will be eliminated, thus subjecting Defendant and her family to financial crisis during and after her release from incarceration.

## RECOMMENDATIONS

a.  Defendant respectfully requests downward departure from the sentencing guidelines for the reasons set forth under the above Mitigating Factors. Hopefully, the Court would consider a brief period of incarceration followed by home confinement for the duration of her sentence, thus allowing the Defendant to at least

continue to be available for her family in times of crisis, yet at the same time be denied the freedom of movement necessarily imposed by home confinement. In addition, the Defendant has bookkeeping skills that could be readily transferable to community service projects, thus benefitting her community. Lastly, Defendant would request that any period of imprisonment be at the Prison Camp for Women at Alderson, West Virginia, a facility close enough in proximity to her family that they could visit on a regular basis.

                                    Respectfully submitted,

                                    _____
                                    RICHARD M. McGILL, ESQUIRE
                                    5303 West Court Drive
                                    PO Box 358
                                    Upper Marlboro, Maryland 20773
                                    (301) 627-5222
                                    Attorney for Defendant

                        CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on this ___ day of June, 2006, I caused to be mailed a copy of the foregoing to Virginia Cheatham, Esquire, Assistant United States Attorney, 555 4th Street, N.W., Washington, D.C. 20530 by first class mail, postage prepaid.

                                    _____
                                    RICHARD M. McGILL, ESQUIRE