# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

V.

GERRY D. MATHEWS

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: CR 05-452 (PLF)

Richard M. McGill, Esquire
Defendant's Attorney

FILED

JUN 20 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**THE DEFENDANT:**

Pleaded guilty to Count 1 on January 30, 2006 of the Information.

Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title and Section | Nature of Offense | Date Offense Concluded | Count |
|---|---|---|---|
| 18 USC 2314; 18 USC 2 | Interstate Transportation of Money Taken by Fraud and Causing an Act to be done | May, 2005 | 1 |

As pronounced on June 16, 2006, the defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed this the 19th day of June, 2006.

The Honorable Paul L. Friedman
United States District Court Judge

Defendant's Soc. Sec. No.: XXX-XX-6617
Defendant's Date of Birth: XX-XX-63
Defendant's USM No.:
Defendant's Residence and Mailing Address:

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of TWELVE (12) months and ONE (1) day on Count 1 of the Information.

The Court makes the following recommendation to the Bureau of Prisons:

That the defendant serve her sentence at the Federal Correctional Institution at Alderson, WV or Cumberland, MD.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons after September 5, 2006:

## RETURN

I have executed this Judgment as follows:

______________________________________________
______________________________________________
______________________________________________
______________________________________________

Defendant delivered on __________ to ______________________________ at ______________________________, with a certified copy of this Judgment.

______________________________
United States Marshal

By: ______________________________
Deputy Marshal

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) years.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. The defendant shall report in person to the Probation Office in the district to which the defendant is released as soon as possible, but in no event later than 72 hours of release from the custody of the Bureau of Prisons.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

**STANDARD CONDITIONS OF SUPERVISION**

1. You will not leave the judicial district without permission of the Court or probation officer.
2. You will report to the probation officer and submit a truthful and complete written report within the first five days of each month.
3. You will answer truthfully all inquiries by the probation officer, and follow the instructions of the probation officer.
4. You will support your dependents and meet other family responsibilities, to include complying with any court order or order of administrative process requiring the payment of child support.
5. You will work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. You will notify the probation officer at least ten days prior to any change of residence or employment.
7. You will not frequent places where controlled substances are illegally sold, or administered; you shall refrain from excessive use of alcohol and will not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to such substances, except as prescribed by a physician.
8. You will not associate with any persons engaged in criminal activity, and will not associate with any person convicted of a crime unless granted permission to do so by the probation officer.
9. You will permit a probation officer to visit at any time at your home, employment or elsewhere and will permit confiscation of any contraband observed in plain view by the probation officer.
10. You will notify the probation officer within seventy-two hours of being arrested, questioned, or upon having any contact with a law enforcement officer.
11. You will not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.
12. As directed by the probation officer, you will notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm your compliance with such notification requirements.
13. You will not possess a firearm, destructive device, or other dangerous weapon.

ADDITIONAL CONDITIONS:

The Court finds the defendant does not have the ability to pay a fine, or costs, of incarceration or supervision.

The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the Probation Office.

The defendant shall provide the Probation Office with her income tax returns, authorization for release of credit information, and any other business or financial information in which she has a control or interest.

The defendant shall pay the balance of any restitution owed at a rate of ONE HUNDRED DOLLARS ($100.00) a month, or at a rate to be established by the Probation Office.

Pursuant to 42 USC Section 14135a, for all felony offenses, the defendant shall submit to the collection and use of DNA identification information.

Within THIRTY (30) days of any change of address, the defendant shall notify the Clerk of the Court for the United States District Court for the District of Columbia, of the change until such time as the financial obligation is paid in full.

**CRIMINAL MONETARY PENALTIES**

The defendant shall pay the following total criminal monetary penalties; payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine; (4) cost of prosecution; (5) interest; (6) penalties.

| ASSESSMENT | RESTITUTION | FINE |
|---|---|---|
| $100.00 | $312,260.09 | $0.00 |

**ASSESSMENT**

It is ordered that the defendant shall pay to the United States a special assessment of $100.00 for Count1, which shall be due immediately or shall be paid out of any funds earned while incarcerated.

**RESTITUTION**

The defendant shall make restitution in the total amount of $312,260.09. The interest for restitution is waived by the Court.

The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee | Payee Address | City, State, Zip | Amount |
|---|---|---|---|
| Fried, Frank, Harris, Shriver & Jacobson, LLP, ATTN: Michael Waldman, Esquire | 1001 Pennsylvania Avenue, NW | Washington, DC 20004-2505, | $314,260.09 |

The restitution payment shall be paid the Clerk of the Court for the United States District Court for the District of Columbia for disbursement to the Law Firm.

If a victim has received compensation from insurance or any other source with respect to a loss, restitution shall be paid to the person who provided or is obligated to provide the compensation, but all restitution of victims shall be paid to the victims before any restitution is paid to such a provider of compensation.

If the fine and/or restitution is not paid, the Court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614. Pursuant to 18 U.S.C. §§ 3572(d)(3) and 3664(k), the defendant shall notify the Court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution. As set out in 18 U.S.C. § 3664(n), if the defendant receives substantial resources from any source, including inheritance, settlement, or other judgment, during the period of incarceration, the defendant shall apply the value of such resources to any restitution or fine still owed.

All criminal monetary penalty payments are to be made to the United States District Court Clerk, 333 Constitution Ave., N.W., Rm. 1825, Washington, D.C. 20001, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.