UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
UNITED STATES OF AMERICA,               )
                                        )
    v.                                  )   Criminal No. 05-0452 (PLF)
                                        )
GERRY D. MATHEWS,                       )
                                        )
    Defendant.                          )
_____)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the defendant's motion to transfer the post-judgment garnishment proceedings before this Court to the United States District Court for the District of Maryland. Upon consideration of the parties' papers, the relevant legal authorities, and the entire record in this case, the Court will deny the defendant's motion to transfer.[1]

I. BACKGROUND

On January 30, 2006, defendant Gerry D. Mathews pled guilty to one count of interstate transportation of money taken by fraud, in violation of 18 U.S.C. § 2314. See Plea Agreement at 1. As Ms. Mathews admitted, for over 12 years, she embezzled "money totaling

---

[1] The papers reviewed in connection with the pending motion include: the plea agreement ("Plea Agreement"); the statement of the offense ("Statement of Offense"); the judgment in the criminal case ("Judgment"); the government's application for a writ of continuing non-wage garnishment directed to garnishee Merrill Lynch ("Merrill Lynch Garnishment Application"); the answer of garnishee Merrill Lynch ("Merrill Lynch Answer"); the government's application for a writ of continuing garnishment directed to garnishee A. P. Mathews Heating & Air Conditioning ("A. P. Mathews Garnishment Application"); the answer of garnishee A. P. Mathews Heating & Air Conditioning ("A. P. Mathews Answer"); the defendant's motion to transfer ("Mot."); and the government's opposition to the defendant's motion to transfer ("Opp.").

about $350,500" from her employer, the law firm of Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"). See Statement of Offense at 3.

On June 16, 2006, the Court sentenced Ms. Mathews to 12 months and one day of incarceration and three years of supervised release. See Judgment at 2-3. The Court also ordered Ms. Mathews to pay restitution in the amount of $312,260.09 to Fried Frank. See id. at 4. According to the government, the Court's order of restitution has not yet been satisfied: as of March 24, 2011, Ms. Mathews owed an outstanding balance of $308,407.22. See Merrill Lynch Garnishment Application at 1; A. P. Mathews Garnishment Application at 1; see also Opp. at 2. Consequently, the government now seeks to garnish Ms. Mathews' wages and funds pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001 et seq. See Opp. at 2. In response, on May 9, 2011, Ms. Mathews filed a motion requesting that the Court transfer the garnishment proceedings to the district court for the district in which she resides — that is, the United States District Court for the District of Maryland. See Mot. at 1. The government has filed an opposition, and this matter now is ripe for decision.[2]

## II.  DISCUSSION

### A.  Federal Debt Collection Procedures Act

Under 18 U.S.C. § 3613, the government "may enforce a judgment imposing [restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law . . . ." 18 U.S.C. § 3613(a) & (f). This provision may be enforced pursuant to 28 U.S.C. § 3205, which sets forth the following garnishment procedure:  First, the

---

[2]  Ms. Mathews did not file a reply to the government's opposition, and the time for doing so has passed. See LOC. CRIM. R. 47(d).

government must apply for a writ of garnishment against a judgment debtor's property. See 28 U.S.C. § 3205(b). Second, if a court determines that the requirements for such a writ are met, "the court shall issue an appropriate writ of garnishment." Id. § 3205(c)(1). Third, upon issuance of a writ, the government must "serve the garnishee and the judgment debtor with a copy of the writ of garnishment . . . ." Id. § 3205(c)(3). Fourth, the garnishee must answer the writ. Id. § 3205(c)(4). Fifth, the judgment debtor then has the opportunity to file a written objection and request a hearing. Id. § 3205(c)(5). In addition, the judgment debtor may request a transfer: Section 3004(b)(2) provides that, upon a judgment debtor's timely request, "the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides." 28 U.S.C. § 3004(b)(2). And sixth, after consideration of any objection, the court "shall promptly enter [a disposition] order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property." Id. § 3205(c)(7).

In this case, on April 1, 2011, the government applied for two writs of continuing garnishment under the FDCPA: it filed an application for a writ of continuing non-wage garnishment directed to garnishee Merrill Lynch and an application for writ of continuing garnishment directed to garnishee A. P. Mathews Heating & Air Conditioning. See generally Merrill Lynch Garnishment Application; A. P. Mathews Garnishment Application. That same day, the Clerk of this Court issued the respective writs of continuing garnishment. On May 2, 2011, Merrill Lynch filed its answer, see Merrill Lynch Answer at 1-3, and, soon thereafter, on May 9, 2011, A. P. Mathews Heating & Air Conditioning filed its answer. See A. P. Mathews Answer at 1-2. Also on May 9, 2011, pursuant to 28 U.S.C. § 3004(b)(2), Ms. Mathews

filed a motion in which she requests that the Court "transfer the case because [she] now live[s] in [the] State of Maryland." Mot. at 1.[3]

### B. Transfer Requests Under the Federal Debt Collection Procedures Act

Section 3004 of Title 28 provides: "If the debtor so requests, within 20 days after receiving the [required] notice . . . , the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides." 28 U.S.C. § 3004(b)(2). The government agrees that Ms. Mathews filed a timely request to transfer this case, see Opp. at 3, and the government acknowledges that, "[a]t first blush, a transfer under [Section 3004] appears mandatory." Id. The government contends, however, that some district courts have concluded that Section 3004 is not mandatory and that this Court should find that a transfer is not warranted in this case. See id. at 4-5.

Ms. Mathews' motion therefore presents the question whether transfer is in fact mandatory under Section 3004(b)(2) once a timely request for such a transfer is made. There is no controlling authority on point, and the only two circuits to have addressed the issue have split. Compare United States v. Furkin, 165 F.3d 33, 1998 WL 846873, at *4 (7th Cir. Nov. 24, 1998) ("The district court . . . properly denied [the defendant's] request to transfer the collection proceedings brought to enforce the criminal judgment entered by that court."), with United States v. Nash, 175 F.3d 440, 442 (6th Cir. 1999) ("Because the plain language of [Section 3004(b)(2)] is mandatory, the district court must grant such a transfer as long as it is made in a timely

---

[3] Ms. Mathews requests *only* that the Court transfer this case. She does not request a hearing or contend that she does not owe the money the government seeks. See Mot. at 1; see also Opp. at 1. Nor does Ms. Mathews contend that either of the writs applies to property that qualifies as exempt from garnishment. See id.; see also Opp. at 1.

manner."). Having reviewed the case law, the Court finds persuasive the reasoning of Judge Ellis in United States v. Gipson, 714 F. Supp. 2d 571 (E.D. Va. 2010), and concludes that the FDCPA's transfer provision is not mandatory. Instead, this provision "merely operates to shift the burden from the party requesting transfer — on whom the burden ordinarily rests in civil and criminal matters — to the party opposing transfer where . . . the requirements of § 3004(b)(2) are met." United States v. Gipson, 714 F. Supp. 2d at 576 (internal footnote omitted).

"Standing alone, the mandatory language of § 3004(b)(2) ('shall be transferred') appears to compel courts to transfer garnishment proceedings to a garnishee's place of residence upon a timely motion." United States v. Gipson, 714 F. Supp. 2d at 573. But, as Gipson recognized, "this does not end the analysis, for the FDCPA also grants district courts plenary authority to 'make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure' under the statute." Id. (quoting 28 U.S.C. § 3013). Accordingly, the Court concludes that, notwithstanding the "shall be granted" language of Section 3004(b)(2),

> the FDCPA's grant of plenary authority to district courts to "deny[], limit[], condition[], regulat[e], extend[], or modify[] the use of any enforcement procedure" clearly allows a court to deny a timely transfer motion for good cause, and good cause to deny transfer ordinarily would exist where transfer is requested merely to delay or frustrate efforts to collect on restitution judgments.

Id. at 576; see also United States v. LaFaive, Criminal No. 07-0062, 2011 WL 1296200, at *4 (N.D. Ind. Mar. 31, 2011) (agreeing with Gipson and concluding that "the [g]overnment must show good cause why the [c]ourt should not grant the [d]efendant's transfer request"); United

5

States v. Nettles, Criminal No. 09-0014, 2011 WL 1059111, at *2 (S.D. Ala. Mar. 23, 2011) (citing United States v. Gipson, 714 F. Supp. 2d at 576).[4]

As there is no dispute that Ms. Mathews' motion is timely under Section 3004(b)(2), see Opp. at 3, "the only question that remains is whether the government has shown good cause to deny the motion." United States v. Gipson, 714 F. Supp. 2d at 576. The Court concludes that there is good cause in this case. The government notes first that Ms. Mathews currently resides at the same address as she did when she pled guilty before this Court in 2006, Opp. at 4, and that Ms. Mathews neither asserts that she does not owe the government the money it seeks, nor asserts that the writs apply to property that is exempt. See id. at 4-5; see also Mot. at 1. The government then states that it "has been actively pursuing collection of [Ms. Mathews'] restitution in this case" and "recently deposed both [Ms. Mathews] and her husband with respect to their assets and financial affairs." Opp. at 1.[5] Accordingly, given that Ms. Mathews' residence has not changed since 2006, that Ms. Mathews has paid less than $4,000 of

---

[4] Another line of district court authority, although relying on a different rationale, similarly has concluded that Section 3004(b)(2) is not mandatory. See, e.g., United States v. Tedder, Criminal No. 02-0105, 2004 WL 415270, at *1-4 (W.D. Wis. Feb. 26, 2004); see also United States v. Poulsen, Criminal No. 06-0129, 2010 WL 1849294, at *4-5 (S.D. Ohio May 3, 2010); United States v. Jeburk, Criminal No. 95-0058, 2008 WL 4499982, at *1-2 (S.D. Ga. Oct. 6, 2008). Unlike in Gipson, these courts have concluded that granting a transfer request under Section 3004(b)(2) "would be inconsistent with the procedures set out in [the Mandatory Victim's Compensation Act ("MVRA"),] 18 U.S.C. §§ 3611-15 and would pose a real risk of curtailing or limiting the government's right to collect fine[s] and forfeiture . . . ." United States v. Tedder, 2004 WL 415270, at *1.

The court in Gipson considered this line of authority and found it unpersuasive, concluding that the FDCPA's transfer provision is not inconsistent with the MVRA. See United States v. Gipson, 714 F. Supp. 2d at 575-76. The Court agrees.

[5] These depositions were held in the District of Columbia. Opp. at 1 n.1, 4-5.

the $312,260.09 that she owes in restitution, and that Ms. Mathews presents no substantive basis for contesting the garnishment proceedings against her, the government asserts that Ms. Mathews' transfer request is merely an attempt "to delay or frustrate the United States' efforts to collect on her restitution judgment[.]" Id. at 1. In further support of its position, the government points to a specific example of such attempted delay or frustration: in 2006, Ms. Mathews represented to the Court that she "agreed to sign over to [Fried Frank] the entirety of her 401(k) Plan," Def. Mem. in Aid of Sentencing at 4, June 7, 2006; see Opp. at 5, yet she "has consistently refused to sign the necessary papers to have these funds applied to her restitution." Opp. at 5.[6]

The Court concludes that the government has met its burden: the circumstances of the garnishment proceedings in this case show that granting Ms. Mathews' transfer request would delay or frustrate the government's efforts to collect on the Court's restitution judgment. Accordingly, Ms. Mathews' motion will be denied.[7]

---

[6] The government notes that, at a status conference before the Court on April 28, 2010, Ms. Mathews against represented that she would sign the necessary papers, but claimed that her previous attorney had not provided them to her. Opp. at 5 n.5. The government asserts that it subsequently "spent considerable time obtaining new documents for [Ms. Mathews] to sign to turn over these funds, but she has consistently refused to sign the documents." Id.

[7] The government requests in its opposition that the Court "issue a disposition order" with respect to the writ of continuing garnishment directed to A. P. Mathews Heating & Air Conditioning. Opp. at 5. Such a request shall be made in a separate filing and shall include as an attachment a proposed disposition order.

## III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the defendant's motion to transfer the post-judgment garnishment proceedings before this Court to the United States District Court for the District of Maryland [Dkt. No. 20] is DENIED.

SO ORDERED.

DATE:  June 20, 2011

/s/
PAUL L. FRIEDMAN
United States District Judge