UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **UNSEALED** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 05-452 (PLF) |
| | ) | |
| GERRY D. MATHEWS, | ) | ~~SEALED~~ |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | **FILED** |
| | ) | |
| A. P. MATHEWS HEATING & | ) | **OCT - 7 2014** |
| AIR CONDITIONING, LLC, | ) | |
| | ) | Clerk, U.S. District & Bankruptcy |
| | ) | Courts for the District of Columbia |
| Garnishee. | ) | |

**GOVERNMENT'S MOTION FOR AN ORDER REQUIRING GARNISHEE TO APPEAR AND SHOW CAUSE WHY THE COURT SHOULD NOT HOLD IT IN CONTEMPT OF THE WAGE GARNISHMENT AND AWARD JUDGMENT FOR ARREARS**

The United States of America ("United States"), by and through Ronald C. Machen Jr., the United States Attorney for the District of Columbia, hereby respectfully moves, pursuant to Federal Rules of Civil Procedure 64, 69(a) and 70 and 28 U.S.C. § 3205(c)(6) of the Federal Debt Collection Procedures Act, for an order requiring the Garnishee, A. P. Mathews Heating & Air Conditioning, LLC of Davidsonville, Maryland ("A.P. Mathews"), to appear and show good cause why it should not be held in contempt for failing to comply with this Court's August 15, 2011 disposition order [#27] requiring the Garnishee to pay bi-weekly $137.50 of the Defendant's wages to the Clerk of this Court toward satisfaction of her restitution obligation in this case. In addition, the United States moves for an order of judgment for the total amount of arrearages in garnished wage payments due and owing to the Clerk of the Court under the August 15, 2011 disposition order, which arrearages to date total at least $10,175.00.

## BACKGROUND

Commencing in 1985, Gerry Mathews worked as a bookkeeper for Fried, Frank, Harris, Shriver & Jacobson LLP in Washington, D.C. ("Fried Frank"). *See* ECF No. 4 (Statement of the Offense). From 1995 until 2005, Ms. Mathews embezzled, through various schemes, approximately $350,500.00 from the firm. *Id.* On January 30, 2006, Mathews entered a plea of guilty to a violation of 18 U.S.C. § 2314, Interstate Transportation of Money by Fraud. *See* ECF No. 5 (Plea Agreement). On June 16, 2006, the Court sentenced her to a period of imprisonment of 12 months and one day, followed by three years of supervised release. *See* ECF No. 12 (Judgment). The Court ordered Ms. Mathews to pay $312,260.09 in restitution to the Clerk of the Court on behalf of Fried Frank. *Id.* This order became final upon entry. *See* 18 U.S.C. § 3664(o). *See also United States v. Mathews*, 793 F. Supp. 2d 72 (D.D.C. 2011).

The Court ordered Ms. Mathews to pay $100 a month and, up until March 2012, she made irregular restitution payments. In six years of general monthly payments, Ms. Mathews has remitted $5,115.37 in total restitution payments. *See* Declaration of Kristena Brown ("Brown Dec.") (attached) at ¶ 4. Based on the August 2011 ordered wage garnishment, A.P. Mathews was compelled to remit $137.50 biweekly to the Clerk of the Court in setoffs from Ms. Mathews salary. *Id.* at ¶ 6. A month later, A.P. Mathews made the first payment of $137.50 on September 15, 2011. *Id.* It made another payment of $825.00 on March 15, 2012, which appeared to cover 3 months of payments, a total of 6 payments of $137.50. *Id.* No additional payments of any kind, however, have been submitted since March 2012. *Id.* Ms. Mathews currently owes an outstanding balance of $307,144.72 on this judgment. *Id.* at ¶ 5.

The Garnishee, A. P. Mathews Heating & Air Conditioning, LLC of Davidsonville, Maryland, is owned and operated by Ms. Mathews' husband, and it appears that she, among other

duties, serves as its bookkeeper, with check-writing authority.   Since March 2012, the Garnishee

has completely failed to honor the wage garnishment and now owes a minimum of $10,175.00 in

missed payments.   *See* Brown Dec. at ¶ 7.

## DISCUSSION

### I.      LEGAL STANDARD FOR CONTEMPT FINDING

As explained by the court in *Service Employees International Union National Industy*

*Pension Fund v. Artharee,* ___ F. Supp. 2d ___, 2014 WL 2580660 (D.D.C. June 10, 2014),

> To succeed on a motion for a finding of civil contempt, a party moving for civil
> contempt must show, "by clear and convincing evidence, that: (1) there was a ***court
> order in place***; (2) the order required ***certain conduct by the defendant***; and (3) the
> ***defendant failed to comply*** with that order." *Int'l Painters & Allied Trades Indus.
> Pension Fund v. Z AK Architectural Metal & Glass LLC,* 736 F. Supp. 2d 35, 38
> (D.D.C. 2010) (citing *Armstrong v. Executive Office of the President,* 1 F.3d 1274,
> 1289 (D.C. Cir. 1993)).   Plaintiffs must also show that the order was clear and
> unambiguous.   *Id.*   Once the above three-part showing is made, the ***burden shifts
> to the defendant to provide adequate detailed proof justifying noncompliance.***
> *Id.*   The defendant may do so by demonstrating its financial inability to pay a
> judgment or its good faith attempts to comply with a judgment.   *Id.*   The court "
> '***need not find that [the] failure to comply with the orders was willful or
> intentional***' because a ***party's intent is irrelevant*** when making a civil contempt
> determination." *United States v. Latney's Funeral Home, Inc.,* ___ F. Supp. 2d
> ___, 2014 WL 1826732, at *3 (D.D.C.2014) (quoting *SEC v. Bilzerian,* 112
> F. Supp. 2d 12, 16 (D.D.C. 2012)).   If the defendant fails to justify its
> noncompliance, the court will issue an order holding it in civil contempt and
> imposing sanctions to induce compliance. *Int'l Painters,* 736 F. Supp. 2d at 40.

*Service Employees International Union National Industy Pension Fund v. Artharee,* ___ F.3d at

___, 2014 WL 2580660, at *2 (emphasis added). *Accord, United States v. Latney's Funeral*

*Home, Inc.,* ___ F. Supp. 2d ___, 2014 WL 1826732, at *3 (D.D.C. May 8, 2014).   " '[C]ourts

have the inherent power to enforce compliance with their lawful orders through civil contempt.' "

*Id.,* quoting *Shillitani v. United States,* 384 U.S. 364, 370 (1966).   The civil contempt power " 'is

essential to the enforcement of the judgments, orders, and writs of the courts, and consequently to

the due administration of justice.' " *Id.,* quoting *Broderick v. Donaldson,* 437 F.3d 1226, 1234

3

(D.C. Cir. 2006) (citation and quotation omitted). " 'A civil contempt action is characterized as remedial in nature, used to obtain compliance with a court order or to compensate for damages sustained as a result from noncompliance.' " *Id.*, quoting *United States v. Shelton*, 539 F.Supp.2d 259, 262 (D.D.C. 2008) (citing *Evans v. Williams*, 206 F.3d 1292, 1294-95 (D.C. Cir. 2000)).

## II.   APPLICABLE LAW

"[S]tate law determines the remedies to be used in the collection of Federal debts merely because the Federal Rules of Civil Procedure 64 and 69 adopt it." *Schueler v. Rayjas Enterprises, Inc.*, 847 F. Supp. 1147, 1150 & n. 1 (S.D.N.Y. 1994) (Appendix), citing *Custer v. McCutcheon*, 283 U.S. 514, 515-516 (1931). Added to the debt collection remedies available at the federal level, to provide uniform procedures, was the Federal Debt Collection Procedures Act of 1987 (FDCPA), 28 U.S.C. §§ 3001, *et seq.*, the provisions of which the court reviews in *Schueler*, 847 F. Supp. at 1151-1176 (Appendix). The FDCPA, moreover, substitutes specific substantive and procedural provisions for the state law provisions presently used by the United States pursuant to Federal Rules of Civil Procedure 64 and 69. *Id.* at 1176.

A.P. Mathews is therefore strictly liable to the United States, which collects on behalf of the Court, for failure to pay the portion of the Defendant's wages garnished by this Court. A.P. Mathews ignored the Court's order and decided apparently that it had made enough payments. A.P. Mathews has not provided any explanation about its decision to ignore the Court's order. It is not surprising that the Defendant serves as the business' bookkeeper and that the business inexplicably stopped making payments. Defendant has not been responsible in making payments, thus necessitating the garnishment of her wages and other enforcement efforts. In addition to the lump sum of garnished wage arrearages, the United States will pursue additional enforcement mechanisms to obtain payment from her.

4

## III.   ENFORCEMENT OF WAGE GARNISHMENT

It is well-settled that "[a]n employer presented with a court order and writ of garnishment is required to comply with that order and garnish its employee's wages; failure to garnish may render the employer-garnishee liable to the judgment creditor. *Walsh v. Wal-Mart Stores, Inc.*, 836 F.2d 1152, 1153 (8th Cir. 1988) (citing *Bray v. Ed Willey & Son*, 395 S.W.2d 342, 343 (Ark. 1965); *Harris v. Harris*, 146 S.W.2d 539, 540-541 (Ark. 1941)); *accord, Savage v. Scales*, 310 F. Supp. 2d 122, 136 (D.D.C. 2004) (same). "D.C. Code § 16-575 renders private employers strictly liable when they wrongfully fail to pay a judgment creditor the percentage of an employee's wages subject to garnishment." *First Virginia Bank v. Randolph*, 110 F.3d 75, 78 (D.C. Cir. 1997) (citing *Landahl, Brown & Weed Assocs. v. Houston*, 404 A.2d 934, 935 (D.C. 1979); *Household Fin. Corp. v. Training Research & Dev., Inc.*, 316 A.2d 850, 852 (D.C. 1974). *Accord, Rab v. Safeco Ins. Co. of America*, 556 A.2d 1072, 1074 (D.C. 1989) (same).

## CONCLUSION

WHEREFORE, the foregoing considered, the Court should order the Garnishee, A.P. Mathews, to appear and show good cause why it should not be held in contempt for failure to comply with this Court's August 15, 2011 disposition order [#27] requiring the Garnishee to pay bi-weekly $137.50 of the Defendant's wages to the Clerk of this Court toward satisfaction of her

5

restitution obligation in this case.   Furthermore, assuming the Garnishee, A.P. Mathews, has no

good explanation for its failure to pay, the Court should award judgment in favor of the United

States for the total amount of arrearages in garnished wage payments, now totaling $10,175.00.

Respectfully submitted,

RONALD C. MACHEN JR., D.C. Bar # 447889
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2508 / (202) 252-2599 (Facsimile)
oliver.mcdaniel@usdoj.gov