UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) |  |
| v. | ) ) | Criminal No. 05-0452 (PLF) |
| GERRY D. MATHEWS, | ) ) |  |
| Defendant. | ) ) |  |

MEMORANDUM OPINION AND ORDER

The United States has filed applications for three writs of garnishment in this matter, which the Clerk of the Court has issued.  The first of these, a prejudgment writ of continuing non-wage garnishment, was directed at garnishee A.P. Mathews Heating & A/C, LLC ("A.P. Mathews") and sub-garnishee SunTrust Bank.  See Dkt. No. 42.  The writ concerns roughly $10,175.00, which the United States contends are arrearages owed to it by A.P. Mathews arising from the garnishee's purported failure to comply with this Court's Disposition Order issued on August 15, 2011 [Dkt. No. 27], requiring A.P. Mathews to pay $137.50 of defendant Gerry Mathews' bi-weekly disposable earnings to the Clerk of the Court.  The United States has also filed a motion for an order requiring A.P. Mathews to appear and show cause why it should not be held in contempt of this Court's Disposition Order, in relation to these same alleged arrearages.  See Dkt. No. 41.

On November 13, 2014, the Court received A.P. Mathews' request for a hearing relating to the prejudgment writ, see Dkt. No. 54, a hearing to which it is entitled by statute. See 28 U.S.C. § 3101(d).  Although A.P. Mathews did not specify the grounds for its request, the Court notes that the defendant, Gerry Mathews, has filed an answer to the United States'

application for the prejudgment writ, in which she maintains that the total amount of arrearages owed by the garnishee is less than the $10,175.00 claimed by the government.  See Dkt. No. 43; see also Dkt. No. 49 (United States' reply).

The United States has applied for, and the Clerk of the Court has issued, two additional writs relating to the defendant.  On October 10, 2014, the United States filed a supplemental application for writ of continuing non-wage garnishment, directed toward two garnishees:  (1) the law firm of Fried Frank, and (2) Merrill Lynch.  See Dkt. No. 38.  The supplemental application relates to an original application for writ of continuing non-wage garnishment, see Dkt. No. 15, and both of these applications concern the United States' effort to access funds held in a 401(k) account for Gerry Mathews' benefit.  On October 14, 2014, the United States also filed an application for writ of continuing non-wage garnishment directed solely toward Fried Frank, concerning Ms. Mathews' unused employment benefits that may be convertible to money.  See Dkt. No. 39.

With respect to the two writs just described, the Court has not received from Ms. Mathews any request for a hearing.  Accordingly, the Court will direct Ms. Mathews to inform the Court in writing on or before January 9, 2015, regarding whether she requests hearings related to the two writs described in the preceding paragraph.

In addition, as noted in the first paragraph of this Memorandum Opinion and Order, the United States has filed a motion [Dkt. No. 41] for an order requiring A.P. Mathews to appear and show cause why it should not be held in contempt of this Court's Disposition Order of August 15, 2011, requiring A.P. Mathews to pay $137.50 of defendant Gerry Mathews' bi-weekly disposable earnings to the Clerk of this Court.  In support of this motion, the United States has proffered the declaration of Kristena Brown, a Financial Litigation Agent in the

Financial Litigation Unit of the United States Attorney's Office for the District of Columbia. See Dkt. No. 37. Agent Brown asserts that pursuant to this Court's Disposition Order, A.P. Mathews should have by this date made a total of 81 payments of $137.50, totaling $11,137.50; in fact, however, A.P. Mathews has made only seven payments totaling $962.50. Id. ¶¶ 6-7. The Court therefore will grant the United States' motion and order A.P. Mathews to appear and show cause why it should not be held in contempt of this Court's Disposition Order.

In sum, (1) the Court is ordering A.P. Mathews to appear and show cause why it should not be held in contempt regarding its alleged failure to comply with the Disposition Order; (2) A.P. Mathews has requested a hearing in relation to the United States' prejudgment writ relating to the same debt of roughly $10,175.00; and (3) the Court has directed defendant Gerry Mathews to indicate whether she requests hearings in relation to the two other writs issued upon the United States' application, relating to her 401(k) and unused employment benefits. As these issues all arise from the same source — Ms. Mathews' restitution obligation to pay Fried Frank over $300,000, flowing from her criminal conviction for her scheme to defraud Fried Frank — and because Ms. Mathews' counsel appears to be acting on behalf of A.P. Mathews as well as for the defendant, see Dkt. No. 43, it would seem to make sense to address all of these interrelated issues at once, should Ms. Mathews seek hearings on the latter two writs. Thus, after receiving Ms. Mathews' written notice, the Court will promptly schedule a hearing as appropriate. Accordingly, it is hereby

ORDERED that the United States' motion [Dkt. No. 41] for an order requiring A.P. Mathews to appear and show cause why it should not be held in contempt of this Court's Disposition Order is GRANTED; it is

FURTHER ORDERED that garnishee A.P. Mathews shall, at a date and time to be announced, appear and show cause why it should not be held in contempt of this Court's Disposition Order, and why judgment for the alleged arrearages should not be granted in favor of the United States; it is

FURTHER ORDERED that on or before January 9, 2015, defendant Gerry Mathews shall file a written notice indicating whether she requests hearings in relation to (1) the writ directed toward garnishees Fried Frank and Merrill Lynch, and (2) the writ directed toward garnishee Fried Frank; and it is

FURTHER ORDERED that on or before January 16, 2015, the United States shall file a written notice addressing the continuing relevance, if any, of its previously filed motion for a turnover order [Dkt. No. 28].

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  December 19, 2014